## UNDERWOOD *v.* STATE.

[66 South. 285.]

1. CRIMINAL LAW. *Privilege of accused. Testimony against self.*
   Where accused, while under arrest, charged with the murder, voluntarily placed his foot with his shoe on, in a footprint found near the place of the homicide, evidence of another witness as to the measurement of his shoe and the tracks near the scene of the homicide, was not objectionable as violating his constitutional guaranty against being compelled to give evidence against himself.

2. CRIMINAL LAW. *Identification. Footprints.*
   Evidence showing the comparison of footprints as a means of identifying a guilty party is admissible. It is competent for a witness to testify that he fitted shoes, found on the accused, in tracks found near the scene of the crime.

APPEAL from the circuit court of Sunflower county.
HON. F. E. EVERETT, Judge.

Richard Underwood was convicted of murder and appeals.

The facts are fully stated in the opinion of the court.

*S. D. Neill,* for appellant.

In the case of *Stokes* v. *State,* reported in 30 Am. Rep. 72, Stokes was indicted and convicted for the murder of Mrs. Housen. The facts briefly show that Mrs. Housen was taken from her house at night and hanged to a hog pole, near which a track·was found in the mud made by a barefoot, the inference being that the man who made this track was a party to the murder, the question of the track made by the prisoner being, of course, of grave importance. On the trial of this case, the state brought in a pan of mud and placed it immediately in front of the jury, and then asked the witness if the mud in the pan was about as soft as the mud in the branch where he saw

the track; the witness said it was.   The attorney-general then called upon the defendant to put his foot in the mud. Upon objection, the court told the defendant that he could put his foot in the mud if he wanted to, but he would not force him to do so, held to be error.   The only distinction that I can see in the Stokes case and appellant's case is that appellant was not asked to make the physical demonstration in the presence of the jury that Stokes was asked to make, but when appellant was required to make footprints, in order that those who had observed the vicinity of the crime might make comparison, it was required of him to give testimony against himself and, therefore, an invasion of his constitutional right and error.   There are other cases, however, that hold to the contrary.

*Geo. H. Ethridge,* for appellee.

The point most relied on for reversal of this case by the appellant is that Rich Underwood was requested to place his feet in the tracks after he was placed under arrest, and that this was a means of compelling him to testify against himself, and that such evidence was prejudicial and was not admissible on the trial of the case.

The appellant seems to labor under the impression that the section of the Constitution providing that a person shall not be compelled to be witness against himself in any criminal prosecution, was violated in this respect and he cites one case, to wit: *Stokes* v. *State,* 30 Am. Rep. 72.

I respectfully submit that the authorities are all practically the other way, and what few cases hold that such evidence is not admissible, are cases where the accused was compelled, by coercion, to place his foot in the tracks and that the weight of authority is that even where this is a fact, it would not prevent the testimony so obtained from being used on the trial of the offense.

In the case of *State* v. *Jones,* 55 S. W. 80, 153 Mo. 457, it was held by the supreme court of Missouri that

where the sheriff and a physician had examined the defendant who had been bitten by the person assaulted, or alleged to have been assaulted, and the appearance of such wounds were testified to by the physician and sheriff over the objection of the accused, that no error was committed and that such evidence was permissible. To the same effect is the case of *State* v. *Tettelen,* 16 S. W. 743, 754; *State* v. *Miller,* 60 Atl. 202, 71 N. J. Law 527. The precise point here involved had been passed on definitely in the following cases and the evidence has been admitted and the reasoning of the court on those propositions in the case is unanswerable, to wit: *Morris* v. *State,* 27 So. 336, 125 Ala. 44; *Myers* v. *State,* 25 S. E. 252, 97 Ga. 76; *State* v. *Arthur,* 105 N. W. 422, 129 Iowa, 235; *State* v. *Graham,* 41 So. 90, 116 La. 779; *State* v. *Sexton,* 48 S. W. 452, 147 Mo. 89; *State* v. *Fuller,* 85 Pa. 369, 8 L. R. A. (N. S.) 762; *People* v. *Van Wormer,* 67 N. E. 299, 175 N. Y. 188; *Thornton* v. *State,* 93 N. W. 1107, 117 Wis. 338; 98 Am. St. Rep. 924; *People* v. *Adams,* 176 N. Y. 351, 63 L. R. A. 406, 98 Am. St. Rep. 675, affirmed in *Adams* v. *N. Y.* 192 U. S. 585, 48 Law Ed. 575.

I respectfully submit, therefore, that the court did not err in this respect.

Reed, J., delivered the opinion of the court.

Appellant was convicted on a charge of murder and sentenced to the penitentiary for life. The proof in the case consisted of circumstantial evidence and a confession by appellant. The evidence is sufficient to support the verdict of guilty.

Appellant assigns as error the action of the trial court in permitting witnesses to testify relative to the measurement of shoes worn by appellant with tracks near the scene of the homicide, which measurements and comparisons were made while appellant was under arrest and in custody of an officer. Appellant claims that this was in

violation of the constitutional provision that an accused in a criminal prosecution should not be compelled to give evidence against himself. The evidence shows that the comparison of the footprints was first made by the placing of shoes which belonged to appellant in the tracks. Afterwards appellant placed his foot, wearing one of the shoes, in the track. He was under arrest at the time, but did not make any objection to the comparison, and was not compelled by coercion to do so. He was willing to place his foot in the track. Evidence showing the comparison of footprints as a means of identifying a guilty party is admissible. It is competent for a witness to testify that he has fitted shoes on the accused in tracks found near the scene of the crime. See note in 94 Am. St. Rep. 342, to the case of *State* v. *Height,* 117 Iowa, 650, 91 N. W. 935, 59 L. R. A. 437, and cases therein cited. We do not see any error in the comparison of footprints made in this case. *State* v. *Sexton,* 147 Mo. 89, 49 S. W. 452; *Myers* v. *State,* 97 Ga. 76, 25 S. E. 252; *Thornton* v. *State,* 117 Wis. 338, 93 N. W. 1107, 98 Am. St. Rep. 925.

*Affirmed.*