RICHARDSON *v.* STATE.

(Division A. Jan. 20, 1934.)

[151 So. 910. No. 30751.]

For former decision, see 151 So. 558. (Per Curiam.)

**Quitman Ross**, of Laurel, for appellant.

W. H. Maynard, Special Agent, for the state.

**Cook, J.**, delivered the opinion of the court on suggestion of error.

The appellant was indicted and convicted of robbery by means of a deadly weapon, the indictment being based on chapter 328, Laws 1932, which reads as follows: ''Be it enacted by the Legislature of the state of Mississippi, That every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be punished by death if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at death, the court shall fix the penalty at imprisonment in the penitentiary for any term not less than three years.''

The indictment charged the felonious taking from the person of R. C. Gaddis of ''one pair of gloves of the property of R. C. Gaddis, of the value of one dollar good and lawful money of the United States.'' Mr. Gaddis testified that he arrived at his home in the city of Laurel about nine P. M.; that, as he entered the gate in front of his residence, he was assaulted by two persons who came from behind certain trees or bushes on the side of the walk leading to his residence; that one of these parties covered him with a pistol while the other ran behind him and placed one arm around his waist, and with the other hand went through his pockets and

took from the pocket of the overcoat he was wearing a pair of gloves; that he made some outcry, which attracted the attention of persons in the house and nearby, and thereupon his assailants ran away. He positively identified the appellant as being the person who pointed the pistol at him and thereby placed him in fear of immediate injury to his person.

Three assignments of error are argued: First, that the record fails to show the value of the gloves alleged to have been taken by the appellant and his partner; second, it fails to show an asportation; and, third, that by the admission of certain evidence the appellant in effect was required to give evidence against himself.

In a prosecution for robbery, the property taken need not have any actual pecuniary value if it appears that it had some value to the person robbed. 54 C. J. 1012. The value of the property taken need be only the minutest, Bishop on Criminal Law (9 Ed.), vol. 2, sec. 1162, and, as said in the case of Jackson & Dean v. State, 69 Ala. 249, if there is evidence showing that the property taken was "not worthless—that it was not wholly unfit for use, or that the owner kept and preserved it as of value to him, it was the subject of robbery, though the pecuniary value which could be imputed to it was nominal, insignificant, or incapable of estimation." The fact that the gloves were preserved and carried in the pocket of the owner is sufficient to show that he considered them of some value to himself.

The evidence offered by the state was to the effect that the gloves were taken from a pocket of the clothing worn by the person assaulted into the possession of one of his assailants, and this was a sufficient asportation. 54 C. J. 1011; 23 R. C. L. 1141.

The third assignment of error is based upon the fact that the chief of police of the city of Laurel was permitted to testify that, when he carried the appellant to Mr. Gaddis for purposes of identification, he required

him to put on an overcoat and cap which were found in his room, and which were similar to the cap and coat described by Mr. Gaddis as having been worn by one of his assailants; the contention being that this in effect required the appellant to give evidence against himself. There is no merit in this contention. In Wigmore on Evidence (2 Ed.), vol. 4, par. 2265, in discussing the privilege against self-incrimination, it is said that "not compulsion alone is the component idea of the privilege, but testimonial compulsion. What is obtained from the accused by such action is not testimony about his body, but his body itself. Unless some attempt is made to secure a communication, written or oral, upon which reliance is to be placed as involving his consciousness of the facts and the operations of his mind in expressing it, the demand made upon him is not a testimonial one."

This statement of the rule by Mr. Wigmore was approved by this court in the case of Magee v. State, 92 Miss. 865, 46 So. 529, 532, where the court said: "The distinction between the rule excluding confessions obtained by force and the exclusion of mere bodily exhibitions of the defendant, under compulsion, for the purpose of identification, is very clearly pointed out by Wigmore in the section above quoted—section 2266 of volume 3 (2 Ed., vol. 4) of his work. Whatever may have been the holding in some earlier cases, we are thoroughly satisfied that the true view is that set out in volume 3 (2 Ed., vol. 4), sec. 2265 of Wigmore on Evidence."

In the case of Holt v. United States, 218 U. S. 245, 31 S. Ct. 2, 3, 54 L. Ed. 1021, 20 Ann. Cas. 1138, it was held that "the protection against self-incrimination afforded by U. S. Constitution, 5th Amendment, extends to the use against the accused of communications extorted from him by physical or moral compulsion, but not to evidence obtained from the exhibition of his person, such as testimony as to the fit of a blouse which he was forced to put

794

on.'' See, also Benson v. State (Tex. Cr. App.), 69 S. W. 165; Underwood v. State, 108 Miss. 34, 66 So. 285.

The suggestion of error will therefore be overruled.

Overruled.