INZER, Justice:
Appellants Robert Bell and Vernon Madison were jointly tried and convicted of armed robbery in the Circuit Court of Lauderdale County. Bell was sentenced to serve a term of thirty years and Madison was sentenced to serve a term of thirty five years in the State Penitentiary. From this conviction and sentence they appeal.
There is no conflict in the evidence in this case. It shows that at about 3 P.M. on November 20, 1970, two black males entered the Jet Package Liquor Store in the City of Meridian. Mr. J. C. Bomar, owner of the store, and Mrs. Pearl Mason, an employee, were the only persons in the store at that time. Neither of these parties knew the two persons who entered. After inquiring about the purchase of some liquor, both parties drew pistols. One of the men, identified at the trial as Madison, drew his pistol on Mrs. Mason and required her to take the money from the cash register and put it in a bag. The other man, identified as Bell at the trial, held Bomar at bay with his pistol. While this was going on, Jack Grayson, a customer, entered the store and was robbed of the contents of his billfold. Bell told Grayson to lie down on the floor, and when Grayson put his hand in his pocket to remove his keys and cigarette lighter, Bell struck him with his pistol. Grayson grabbed a bottle of wine and hit Bell with it. Two shots were then fired; one of which was fired by Bell. Grayson was wounded but not seriously. The robbers then fled carrying with them the bag containing the money. Bomar grabbed a rifle and ran outside the store and fired a shot at the fleeing robbers. Mrs. Mason called the police and immediately an alarm was sent out to all officers. Officer Mike Smith was off duty and preparing to go deer hunting. He heard the alarm over the radio, armed himself with his shotgun, and joined in the search. He and another officer followed the route taken by the robbers and saw a house with a door ajar. They went to the house and, finding no one at home, entered the house to search for the robbers. Smith, while looking under a bed, heard a noise, and when he looked around he saw Bell with a pistol. Bell snapped the gun twice, but it did not fire, and Smith shot his would-be assailant. Madison immediately surrendered. Both were arrested and charged with armed robbery. An ambulance was called to carry the wounded man to the hospital. $1,009.79 was recovered and returned to Bomar prior to the date of the trial.
Appellants were represented by separate counsel at the trial in the trial court and are represented by the same counsel on appeal. Although separate briefs were *120 filed, the assignment of errors are identical. The assignment of errors is as follows:
1. It was prejudicially erroneous to admit secondary evidence that cash money and checks had been taken from the prosecuting witness, J. C. Bomar, and the Court should have sustained defendants’ motion for a mistrial upon the offer of such evidence or should have instructed the jury to find the defendant not guilty of the charge upon the grounds of spoliation or suppression of material evidence pertaining to value of the property allegedly taken.
2. It was error for the trial court not to grant a new trial upon the grounds that the testimony of Mike Smith tended to prove a separate offense not related to the armed robbery.
The first assignment of error is based upon the fact that the state did not prove any of the money taken was recovered from the appellants, and that the money allegedly stolen was not offered in evidence. Bomar testified that $1,009.79 was returned to him by the police department prior to the trial at the direction of the district attorney, and he deposited this money in his bank account. It is argued that admission of this testimony was error. We find no merit in the argument. Appellants were indicted under provisions of Section 2367, Mississippi Code 1942 Annotated (1956), which in its pertinent parts provides:
Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery. .
All the state was required to prove under the provisions of this statute is that appellants took or attempted to take the personal property of Bomar from his presence against his will by violence or by putting him in fear of immediate injury to his person by exhibiting a deadly weapon. The three eye witnesses to the robbery made positive, independent, in-court identification of appellants as the armed robbers. Mrs. Mason testified that she was forced at gun point to take the money from the cash register and place it in the bag. Mr. Bo-mar testified that the money was put in the bag, and when the robbers ran from the store, they carried with them the bag containing the money. Bomar also testified that there was approximately $1,475 in cash and checks missing after the robbers left. This evidence met the requirement of the statute and the amount of the money taken was immaterial. All the state was required to prove was that something of value was taken. It is true that Smith and the other officers did not search the appellants at the time they were arrested, and it is not shown who recovered the money that was returned to Mr. Bomar. The fact that the money was returned to Mr. Bomar did not amount to a suppression of evidence, and the evidence in this case was more than sufficient to meet the requirements of the statute. The error, if'any, in admitting secondary evidence as to the money returned was harmless. Bond v. State, 236 Miss. 538, 111 So.2d 422 (1959) and Richardson v. State, 168 Miss. 788, 151 So. 910 (1934).
The second assignment of error is likewise without merit. In the first place the testimony of Officer Smith relative to the incident when the appellants were apprehended was not objected to by appellants. It has long been the rule in this state that before a party can put the trial court in error because of the admission of testimony, such testimony must be objected to when offered. Furthermore, the testimony of Officer Smith was admissible for the reasons stated in Brown v. State, 171 Miss. 157, 157 So. 363 (1934).
It is clear from the evidence in this case that appellants are guilty of the crime charged and, there being no reversible error in this record, this case must be and is affirmed.
Affirmed.
GILLESPIE, C. J., and JONES, BRADY and ROBERTSON, JJ., concur.