SMITH, Justice.
ON APPLICATION FOR LEAVE TO FILE PETITION FOR WRIT OF ERROR CORAM NOBIS
This case is now before us on an application for leave to file a petition for writ of error coram nobis. Petitioner’s conviction of armed robbery was affirmed by this Court on December 21, 1970, in accordance with the Court’s opinion reported in 242 So. 2d 454 (Miss. 1970).
The basis assigned in the application for granting leave to file the petition is, in short, that petitioner was subjected to an-impermissibly suggestive “show up” and “line up” following his arrest, at a time when he was not represented by counsel. It is conceded that petitioner was never at any time, either at the “show up” or “line up” or in the course of his trial, recognized or identified as having been one of the men who committed the robbery. No reference, either to the “show up” or the “line up”, appears anywhere in the trial record except in petitioner’s own testimony given on direct examination by his own counsel as a witness in his own behalf. His statement was “. . . about 1:00 o’clock, they took us down for a lineup. . . . After this lineup they took us back upstairs. .” No other information about either the show up or line up appears.
*800 The proprietor of the establishment robbed was asked repeatedly by petitioner’s counsel if he could identify petitioner as having been one of the men who had robbed him. Each time his answer emphatical- • ly was that he could not. He did identify, as having been one of those who had participated in the robbery, one Sanders. It appears that he recognized Sanders because he, Sanders, had not worn a mask. Unquestionably, the witness had ample opportunity upon the occasion of the robbery to see Sanders and to remember his appearance. This identification was in no way related to the “show up” or “line up.”
Obviously, since petitioner referred to it himself in his own direct testimony given at his trial, he and his counsel knew of the “show up” or “line up.” However, it was never brought to the attention of the trial court, and no question was raised at the trial level that the circumstances had been prejudicially suggestive. Nothing related to it formed any part of the evidence upon which the jury acted in convicting petitioner. There was nothing about it among the several grounds assigned in petitioner’s motion for' a new trial nor was it assigned or argued as error in petitioner’s appeal to this Court. The trial record reflects that petitioner was fairly tried and convicted upon sufficient evidence of guilt.
Petitioner’s present position seems to be predicated upon Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); Long v. United States, 137 U.S. App.D.C. 311, 424 F.2d 799 (1969); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); United States v. Clark, 289 F.Supp. 610 (D.C.Pa.1968); United States v. Wade, 388 U.S. 218, 87 S. Ct. 1926, 18 L.Ed.2d 1149 (1967).
However, in the case now under consideration, petitioner was never identified at any pretrial “show up” or “line up.” On the contrary, it was unequivocably stated that he could not be and was not recognized or identified.
In Wade, supra, the Court said:
We therefore think the appropriate procedure to be followed is to vacate the conviction pending a hearing to determine whether the in-court identifications had an independent source, or whether, in any event, the introduction of the evidence was harmless error, Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. (388 U.S. at 242, 87 S.Ct. at 1940, 18 L.Ed.2d at 1166).
Here there was no pretrial identification of petitioner. Nor, for that matter, any in-court identification. The argument that the proprietor of the establishment robbed had recognized the unmasked Sanders as one of the robbers, that this may have resulted from an unduly suggestive line up and that this may have deprived petitioner of his constitutional rights is too tenuous under the circumstances of this case to require the issuance of the writ sought.
 Moreover, if there was prejudice resulting from the “show up” or “line up/’ the facts and circumstances were known to petitioner and petitioner’s present objection should have been raised at the trial. No such proposition was advanced or submitted to the trial court, either as a pretrial matter or in the course of the trial. Nor was it assigned as a ground in petitioner’s motion for a new trial. A defendant in a criminal trial may not deliberately hold back matters known to him at the time of his trial until after the affirmance of his conviction and then, for the first time, use them to begin the whole process all over again.
We find no merit in the application for leave to file a petition for writ of error coram nobis and the application is denied.
Denied.
All Justices concur.