285 So.2d 146 (1973)
Barry Lynn AUMAN
v.
STATE of Mississippi.
Misc. No. 400.
Supreme Court of Mississippi.
November 12, 1973.
Barry Lynn Auman, pro se.
A.F. Summer, Atty. Gen., by Edwin A. Snyder, Sp. Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice:
Petitioner, Barry Lynn Auman, was convicted in the Circuit Court of Jones County for the crime of robbery. He appealed to this Court, and his conviction was affirmed in Auman v. State, 271 So.2d 427 (Miss. 1973).
He has now filed in this Court a pro se application for leave to file a petition for a writ of error coram nobis in the trial court. The petition advances three propositions *147 as grounds for granting of the writ. They are:
1. The applicant was denied appointed counsel during the three months between his arrest and indictment;
2. During the trial certain photographs were shown to a witness in an unduly suggestive manner; and
3. Money which was taken during the robbery was returned to the victim before indictment or trial.
The first two propositions advanced were discussed and decided adversely to petitioner's contention in our opinion affirming his conviction. A writ of error coram nobis does not lie to relitigate matters finally decided by this Court.
The third proposition is not well taken for the reason that the record in this case shows that the robbery victim testified that $450 was taken in the robbery, a portion of which consisted of checks. He further testified that the money and checks were returned to him by the police after photocopies of the checks were made. These photocopies were introduced in evidence. Although this issue was not assigned or briefed as error, due diligence required it to be. Furthermore, we held in Bell v. State, 259 So.2d 118 (Miss. 1972), that the amount of money taken in a robbery was immaterial and it was not error to return the money to the victim prior to trial.
While we have considered petitioner's application on its merits, we deem it appropriate to point out that the petition as filed fails to comply with Rule 38, Mississippi Supreme Court Rules (1967), in that petitioner failed to attach to his application the original and two executed counterparts of the petition proposed to be filed in the lower court. Neither is his application supported by a brief. The pertinent parts of Rule 38 are as follows:
Every application for leave to file in the lower court a petition for writ of error coram nobis shall have attached the original and two executed counterparts of the petition proposed to be filed in the lower court, which shall be sworn to by petitioner... . The petition shall state when the facts relied upon for issuance of the writ came to petitioner's knowledge, and shall state sufficient facts to show that there was no want of reasonable diligence on the part of petitioner or his counsel. The petition shall be endorsed by a statement by petitioner's counsel, if any, that he believes the petition for a writ of error coram nobis is well taken, and should be issued. The application shall be supported by a brief, and failure to file a supporting brief may be ground for dismissal.
Failure of petitioner to comply with the provisions of this rule constitutes sufficient cause to dismiss his application. For further discussion of this rule see Riley v. State, 254 Miss. 487, 182 So.2d 397 (1966), and Brown v. State, 275 So.2d 103 (Miss. 1973).
For the reasons stated, the application for leave to file a petition for writ of error coram nobis in the trial court must be and is dismissed with prejudice.
Dismissed with prejudice.
All Justices concur.