**Howard MINOR, Petitioner-Appellant,**

v.

**Eddie LUCAS, Warden, Mississippi State Penitentiary, et al., Respondents-Appellees.**

**No. 81–4467.**

United States Court of Appeals, Fifth Circuit.

Feb. 7, 1983.

David W. Clark (court-appointed), Douglas E. Levanway, Jackson, Miss., for petitioner-appellant.

William S. Boyd, III, Larry M. Wilson, Asst. Attys. Gen., Jackson, Miss., for respondents-appellees.

Before JOHNSON, WILLIAMS and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

I.

Petitioner Minor, a Mississippi state prisoner, appeals from dismissal of his application for habeas corpus relief filed pursuant to 28 U.S.C. § 2254.

Minor was convicted of armed robbery in a Hinds County, Mississippi, Circuit Court on December 1, 1977, and sentenced to thirty-three years imprisonment at the Mississippi state penitentiary. In his direct appeal to the Mississippi Supreme Court Minor asserted three assignments of error, all based on state substantive and procedural law grounds. The state court found no reversible error and affirmed his conviction. *Minor v. State,* 366 So.2d 238 (Miss.1979).

Minor then sought habeas corpus relief in the federal district court. The district court found that although the petitioner had presented the factual foundation of each of his claims to the state courts for their consideration in his direct appeal of his criminal conviction, he neglected to frame those claims in the constitutional terms found in his federal habeas petition. The district court thus found that the petitioner had failed "to exhaust his available state remedies" and dismissed the petition without prejudice. In dismissing the petition, the lower court found that the proper procedure for the collateral review of questions previously omitted from the direct appeal under state law was a petition for writ of error coram nobis. Miss.Code Ann. § 99–35–145 (1972).

## II.

■ It is now written in stone that a state prisoner is required to exhaust his state remedies before he applies for federal habeas relief. 28 U.S.C. § 2254(b), (c); *Rose v. Lundy,* 455 U.S. 509, 516, 102 S.Ct. 1198, 1202–03, 71 L.Ed.2d 379 (1982). For purposes of federal habeas, the exhaustion requirement is satisfied when the federal claims have been fairly presented to the state courts for disposition. *Picard v. Conner,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Carter v. Estelle,* 677 F.2d 427, 443 (5th Cir.1982).

■ The question presented here is whether the exhaustion principle requires the petitioner first to present his claims to the Mississippi courts in a writ of error coram nobis, framed as federal constitutional violations, before the federal courts will entertain his § 2254 petition for habeas corpus.

Between the district court's dismissal of the petition and oral argument, the United States Supreme Court decided two cases bearing strongly on this case. The first case fully supports the district court's dismissal for failure to exhaust state remedies. *Anderson v. Harless,* —— U.S. ——, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (per curiam), reaffirmed the Supreme Court's decision in *Picard v. Conner,* by finding that the petitioner's constitutional arguments must be presented to and considered by the state courts in a federal constitutional framework before resort can be made to federal court. The Court explicitly stated that "[i]t is not enough that all the facts necessary to

support the federal claim were before the state courts or that a somewhat similar state-law claim was made." —— U.S. at ——, 103 S.Ct. at 277.

The second case, however, raises a serious concern as to whether the petitioner has any further state remedies to exhaust. In *Engel v. Issac,* 456 U.S. 107, 125, 102 S.Ct. 1558, 1570 n. 28, 71 L.Ed.2d 783 (1982), the Court stated that

[s]ection 2254(b) requires habeas applicants to exhaust those remedies "available in the courts of the state." This requirement, however, refers only to remedies still available at the time of the federal petition.

The question thus raised by both parties in this case is whether the state remedy of writ of error coram nobis is available to petitioner to attack collaterally his conviction on federal constitutional grounds. At oral argument it was pointed out that in *Holloway v. State,* 261 So.2d 799 (Miss. 1972), the state supreme court rejected a petition for writ of error coram nobis when a claim of prejudice from a "line up" was neither presented to the trial court as a pre-trial matter or in the course of the trial nor assigned as a ground in the petitioner's motion for a new trial. The court's reasoning there was that

a defendant in a criminal trial may not deliberately hold back matters known to him at the time of his trial until after the affirmance of his conviction and then, for the first time, use them to begin the whole process all over again.

*Id.* at 800.

The parties here also direct our attention to the fact that one year later, the same court rejected a petition which advanced propositions adversely decided to the petitioner in his direct appeal to the supreme court. The court stated: "A writ of error coram nobis does not lie to relitigate matters finally decided by this Court." *Auman v. State,* 285 So.2d 146, 147 (Miss.1973).

It is far from certain, however, that *Holloway* and *Auman* stand for the proposition that the petitioner is barred from presently raising his federal constitutional claims in the Mississippi courts. The statement quoted above from *Holloway* was made at the close of the opinion after the court had specifically found that the petitioner's federal constitutional claim was meritless. In *Auman,* the petitioner did not frame any of the issues he raised in his writ as federal

constitutional claims, but rather framed his contentions as they apparently had been litigated in his direct criminal appeal.

Furthermore, there seems to be ample Mississippi precedent that the writ of error coram nobis is available to attack collaterally a judgment of conviction on federal constitutional grounds. *See, e.g., King v. Cook,* 287 F.Supp. 269, 272 (N.D.Miss.1968) (purpose of Mississippi's writ of error coram nobis is to provide meaningful and effective procedure for protection of constitutional rights of those convicted of crime); *Nelson v. Tullos,* 323 So.2d 539, 543 (Miss.1975) (relief for a defendant who claims to have been convicted as a result of a deprivation of his constitutional rights is by writ of error coram nobis).

We decline to resolve this question presented by the parties, but rather leave it to the state courts to determine whether petitioner's federal constitutional claims will be entertained by way of a writ of error coram nobis.

### III.

We therefore uphold the district court's earlier judgment as correct under *Picard v. Conner* and *Anderson v. Harless*[1] and affirm the district court's order of dismissal without prejudice to petitioner's right to resubmit his federal petition, if appropriate and necessary, after giving the Mississippi courts an opportunity to consider his federal constitutional claims.

AFFIRMED.

---

1. We are aware that *Anderson v. Harless* was considered in a similar context by the Second Circuit in *Daye v. Attorney General,* 696 F.2d 186 (2d Cir.1982) (en banc). Since that circuit was faced with facts different from these in the instant case, we do not find it necessary to comment on the appropriateness, *vel non,* of the comprehensive standards set forth there for determining when a state defendant has fully exhausted his state remedies. Under the facts of this case, *Anderson* is squarely on point and requires that we affirm the dismissal for failure to exhaust.

We note that *Anderson* holds that "a federal habeas petitioner must provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim [and that i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." 51 U.S.L.W. at 3336 (citations omitted). As noted in the text above, Minor's allegations were presented to the state court *solely* on state substantive and procedural grounds.

Furthermore, we must read *Blankenship v. Estelle,* 545 F.2d 510 (5th Cir.1977), which was cited by the Second Circuit in *Daye,* 696 F.2d at 194 n.8, in the light of the superceding Supreme Court opinion in *Anderson.* While the petitioner here is not required to "cite to the state court 'book and verse on the federal constitution,'" *Blankenship,* 545 F.2d at 514, he *must* present to the state court some articulated basis and substance for his federal constitutional claim. This Minor has clearly failed to do.