446 So.2d 590 (1984)
In re Robert C. GILLIARD, Jr.
v.
STATE.
No. 53959.
Supreme Court of Mississippi.
February 22, 1984.
*591 J. Ronald Parrish, Laurel, Lionel R. Barrett, Jr., Nashville, Tenn., for appellant.
Bill Allain, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
ROY NOBLE LEE, Presiding Justice, for the Court:
Petitioner, Robert C. Gilliard, Jr., was indicted in the Circuit Court of the Second Judicial District, Jones County, Mississippi, during the September 1981 Term, for the capital murder of Grady Chance during the commission of an armed robbery at the Best Chance Package Store in Laurel, Mississippi.
Gilliard entered a plea of guilty to the charge and the trial proceeded on the sentencing phase. After hearing the evidence, receiving the instructions from the court, and argument of counsel, the jury found Gilliard guilty and sentenced him to death.
The judgment of the lower court was appealed to the Mississippi Supreme Court and was affirmed. Gilliard v. State, 428 So.2d 576 (Miss. 1983). Gilliard did not file a petition for rehearing.
A petition for a writ of certiorari to the Supreme Court of Mississippi was filed in the United States Supreme Court and denied on October 3, 1983. Application for Leave to File Petition for Writ of Error Coram Nobis was filed in this Court November 7, 1983, setting out twenty-nine (29) grounds for relief, and was responded to by the State on November 28, 1983. We address each of the grounds for relief hereinafter.

Section A.

I.

The Court Erred in Overruling Petitioner's Motion for Change of Venue.
On direct appeal to the Mississippi Supreme Court, the petitioner assigned as error that the lower court erred in overruling his motion for change of venue. The lower court received evidence on the question, and it was thoroughly presnted there. On appeal to this Court, it was completely considered and addressed. Gilliard v. State, supra, at 578-79.
However, the petitioner now contends that the motion should have been granted and that denial of the motion was of constitutional magnitude and that petitioner was denied a fair trial in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States, citing Anderson v. State, 92 Miss. 656, 46 So. 65 (1908); Eddins v. State, 110 Miss. 780, 70 So. 898 (1916); and Bond v. State, 128 Miss. 792, 91 So. 461 (1922).
The question now before this Court is whether or not, under state procedure and law, petitioner may raise the question and attack the judgment on federal constitutional grounds. In Minor v. Lucas, 697 F.2d 697 (5th Cir.1983), Minor neglected to frame in state court the constitutional claims found in his federal habeas petition. The Fifth Circuit commented as follows:
It is far from certain, however, that Holloway [261 So.2d 799 (Miss. 1972)] and Auman [285 So.2d 146 (Miss. 1973)] stand for the proposition that the petitioner is barred from presently raising his federal constitutional claims in the Mississippi courts. The statement quoted above from Holloway was made at the close of the opinion after the court had specifically found that the petitioner's federal constitutional claim was meritless. In Auman, the petitioner did not frame any of the issues he raised in his writ as federal constitutional claims, but rather framed his contentions as they apparently had been litigated in his direct criminal appeal.
Furthermore, there seems to be ample Mississippi precedent that the writ of error coram nobis is available to attack collaterally a judgment of conviction on federal constitutional grounds. See, e.g., *592 King v. Cook, 287 F. Supp. 269, 272 (N.D. Miss. 1968) (purpose of Mississippi's writ of error coram nobis is to provide meaningful and effective procedure for protection of constitutional rights of those convicted of crime); Nelson v. Tullos, 323 So.2d 539, 543 (Miss. 1975) (relief for a defendant who claims to have been convicted as a result of a deprivation of his constitutional rights is by a writ of error coram nobis).
We decline to resolve this question presented by the parties, but rather leave it to the state courts to determine whether petitioner's federal constitutional claims will be entertained by way of a writ of error coram nobis. [697 F.2d at 698-99].
In Callahan v. State, 426 So.2d 801 (Miss. 1983), quoting from In re Broom's Petition, 251 Miss. 25, 168 So.2d 44 (1964), we said:
We first address the petition for writ of error coram nobis by recognizing a basic premise in this jurisdiction that such post-conviction petitions are limited in nature. Justice Ethridge, in case of In re Broom's Petition, 251 Miss. 25, 168 So.2d 44 (1964), set forth the circumstances in which a writ for error coram nobis would lie. His opinion states:
The general scope of a petition for writ of error coram nobis, or motion in the nature thereof, is to bring before a court a judgment previously rendered by it, for the purpose of review or modification. There must be some error of fact and not of law affecting substantially the validity and regularity of the proceedings, which was not brought into issue at the trial. Such motion or petition is an extraordinary and residual remedy to correct or vacate a judgment on facts or grounds not appearing on the face of the record, not available by appeal or otherwise, and not discovered until after rendition of the judgment of conviction, valid on its face, but defective by reason of facts outside the record, which deprived accused without fault on his part of the constitutional right to a fair trial. [Emphasis added]. [251 Miss. at 32-33, 168 So.2d at 48].
With this background in mind, our Court has since ruled that the writ of error coram nobis will not be allowed to relitigate questions of law or fact already decided by this Court. Auman v. State, 285 So.2d 146 (Miss. 1973). Moreover, "a defendant in a criminal trial may not deliberately hold back matters known to him at the time of his trial until after the affirmance of his conviction and then, for the first time, use them to begin the whole process all over again." Holloway v. State, 261 So.2d 799, 800 (Miss. 1972). [426 So.2d at 803].
We resolve the question referred to in Minor, supra, and hold that a defendant in a criminal trial, who has litigated matters of fact and law at the trial, and whose conviction has been affirmed, may not, through a writ of error coram nobis, present and litigate the question again, even though then framed and placed in a setting of federal constitutional questions.

II.  IV.

The Court Erred in Failing to Excuse Certain Jurors for Cause at the Request of the Petitioner.

The Court Erred in Excusing Certain Jurors For Cause at the Request of the State.
The Court Erred in Failing to Quash the Jury Panel Which Actually Rendered the Death Sentence in this Case Because of the State's Use of Its Peremptory Challenges to Excuse All Persons of the Negro Race from the Panel Solely on the Basis of Their Race.
The questions A-II, A-III, and A-IV were raised and denied on the direct appeal. They were adjudicated and constitute res adjudicate and are procedurally barred. Smith v. State, 434 So.2d 212 (Miss. 1983); Edwards v. Thigpen, 433 So.2d 906 (Miss. 1983); Callahan v. State, 426 So.2d 801 (Miss. 1982); Auman v. *593 State, 285 So.2d 146 (Miss. 1973); and In Re Broom's Petition, 251 Miss. 25, 168 So.2d 44 (Miss. 1964).

V.

Removal of Jurors with Scruples Against Capital Punishment.
Petitioner's question A-V was not raised on direct appeal and it is procedurally barred. Smith v. State, supra; Edwards v. Thigpen, supra; Wheat v. Thigpen, 431 So.2d 486 (Miss. 1983); Callahan v. State, supra; and Holloway v. State, 261 So.2d 799 (Miss. 1979).

Section B.

The Petitioner Should be Granted a New Trial in View of the Unconstitutional Aspects of His Plea of Guilty
In its response to this question, the State conceded the need for an evidentiary hearing for the purpose of resolving the voluntariness of the guilty plea, although it did not concede that petitioner has met the pleading requirements established by this Court in Tiller v. State, 440 So.2d 1001 (Miss. 1983), and did not concede the merits of petitioner's contention that the plea was unconstitutional.
When we now consider this question, along with Section D, addressed hereinafter, we hold that petitioner be given an evidentiary hearing on the voluntariness of his guilty plea.

Section C.
Proposition I: Appellate Procedures
Proposition II: Alleged Arbitrariness of Death Penalty
Proposition III: Alleged Discriminatory Nature of Death Penalty
Proposition XIV: Trial Court's Report
Question C-I, C-II, C-III and C-XIV were not alleged as error and raised on direct appeal. The questions may not now be raised for the first time on this Application for Leave to File the Petition for Writ of Error Coram Nobis and are procedurally barred. Smith v. State, supra; Edwards v. Thigpen, supra; Wheat v. Thigpen, supra; Callahan v. State, supra; Holloway v. State, supra.
Proposition IV: The Heinous, Atrocious, and Cruel Aggravating Circumstance.
Proposition V: The Failure to Instruct the Jury as to the Deal Made with a State Witness
Proposition VI: Closing Argument
Proposition VII: The Refusal of Instruction D-2
Proposition VIII: The Refusal of Instruction D-4
Proposition IX: The Refusal of Instruction D-6
Proposition X: The Refusal of Instruction D-9
Proposition XI: "Doubling Up" of Aggravating Circumstances
Proposition XII: The Heinous, Atrocious, and Cruel Aggravating Circumstance
Proposition XIII: The Refusal to Impose a Life Sentence
Petitioner's questions C-IV, -V, -VI, -VII, -VIII, -IX, -X, -XI, -XII, and -XIII, were alleged as error and adjudicated on direct appeal. They are now res adjudicata, may not be relitigated on this petition and are procedurally barred. Smith v. State, supra; Edwards v. Thigpen, supra; Callahan v. State, supra; Auman v. State, 285 So.2d 146 (Miss. 1973); In Re Broom's Petition, supra.
Further, the questions C-IV, -VI, -VIII, -IX, -X, -XII, and -XII, either added a federal constitutional argument to that made on direct appeal, or reframe the direct appeal argument in federal constitutional terms. As we have stated and addressed on the question A-I, motion for change of venue, the principle there applies to these questions. They may not be relitigated on this petition for writ of error coram nobis and are procedurally barred.

Section D.

Petitioner was Denied the Effective Assistance of Counsel at His guilt and Sentencing Trials in Violation of the Sixth, Eighth and Fourteenth Amendments
Under the general question posed in Section D, petitioner has raised questions D-I *594 through D-IX. The sub-question D-VI relates to the entry of the guilty plea at the first phase, or guilt phase, of the trial. The question is interwoven with the question of effective assistance of counsel. The State concedes that there should be an evidentiary hearing on question B and on question D, although the State does not concede the merits of petitioner's allegations.
We are of the opinion that there should be an evidentiary hearing on question B and question D, guilty plea and effectiveness of counsel. Therefore, the Motion and Application for Leave to File the Petition for Writ of Error Coram Nobis is granted as to the questions presented in Sections B and D.
APPLICATION GRANTED IN PART AND DENIED IN PART.
PATTERSON, C.J., WALKER, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
ROBERTSON, J., specially concurs.
SULLIVAN, J., not participating.
ROBERTSON, Justice, specially concurring:
I concur unreservedly in the result reached in the majority opinion authored by Presiding Justice Roy Noble Lee. At several points, however, I differ as to the grounds that ought to be relied upon.
With respect to Section A [I-IV] and Section C[IV-XIII] of the majority opinion, I agree that claims which have been fully litigated at trial and adjudicated on their merits on direct appeal generally ought not be available for relitigation via post-conviction proceedings, even though framed with different terminology. Any such attempt at relitigation ought, in my view, be barred by familiar notions of collateral estoppel. See my special concurring opinion in Edwards v. Thigpen, 433 So.2d 906, 909-910 (Miss. 1983); and my dissenting opinion in Evans v. State, 441 So.2d 520, 534 (Miss. 1983).
I have carefully reviewed the claims presented under Section A[V] and Section C [I-III and XIV] and find them to be wholly without merit. I would deny those on their merits. It continues to escape me why claims such as these, wholly lacking in substantive merit, should be dealt with on procedural grounds. See my special concurring opinion in Pruett v. Thigpen, 444 So.2d 819 (Miss. 1984).
I concur in what has been said in Section B of the majority opinion. I concur further in what has been said in Section D to the effect that an evidentiary hearing should be held on the question of whether Gilliard has been denied his constitutional right to the effective assistance of counsel. See Read v. State, 430 So.2d 832, 836-842 (Miss. 1983).