467 So.2d 669 (1985)
In re Alvin HILL.
No. 53795.
Supreme Court of Mississippi.
April 10, 1985.
*670 Percy S. Stanfield, Jr., Stanfield, Carmody, Coxwell & Creel, Jackson, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
En Banc.
DAN M. LEE, Justice, for the Court:

ON MOTION FOR LEAVE TO FILE WRIT OF ERROR CORAM NOBIS
This is Alvin Hill's second motion for leave to file writ of error coram nobis. Hill was convicted of capital murder in the Circuit Court of DeSoto County on November 21, 1980. Subsequently, we affirmed his conviction and sentence of death. Hill v. State, 432 So.2d 427 (Miss. 1983). Hill's petition for rehearing was denied on May 25, 1983. On November 14, 1984, we denied Hill's first motion for leave to file writ of error coram nobis. 460 So.2d 792 (Miss. 1984). Hill's execution date was reset for November 28, 1984. Thereafter, the United States District Court For the Northern District of Mississippi stayed Hill's execution pursuant to his motion for a stay which was filed with a petition for writ of habeas corpus. The Federal District Court then required that Hill petition this Court to address the issues discussed below since these issues had not been framed in terms of Hill's constitutional rights. Having considered Hill's arguments and finding no merit to them, we deny the motion.

A.

THE TRIAL COURT'S REFUSAL TO ORDER FURTHER PSYCHOLOGICAL EXAMINATION OF HILL.
Hill argues that the denial of a further psychological examination was in essence the denial of an adequate psychological examination. We begin by noting that *671 the United States Supreme Court recently held that an indigent defendant is entitled to be provided with a competent psychiatrist when that defendant's sanity is an issue at trial. Ake v. Oklahoma, ___ U.S. ___, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). That decision clearly left it to the states to decide how to implement this right. In this Court's original opinion, we addressed Hill's assignments on this point and found them without merit. 432 So.2d at 437, 438. Nothing in the Ake decision convinces us that that conclusion was wrong. Having previously addressed this issue completely, we hold that Hill is collaterally estopped from raising it again here. Furthermore, in Gilliard v. State, 446 So.2d 590 (Miss. 1984), we held that a defendant in a criminal trial who has litigated matters of fact and law at trial and whose conviction has been affirmed, may not through a writ of error coram nobis present and litigate the question again even though now framed and placed in the setting of a federal constitutional claim.

B.

ADMISSIBILITY OF HILL'S ESCAPE FROM THE TUNICA COUNTY JAIL.
Hill argues that evidence of his escape from the Tunica County jail was inadmissible because it was evidence of another crime. This point was addressed in our original opinion. 432 So.2d at 438.
Additionally, we note, without necessarily finding it dispositive, that Hill acknowledges that by establishing that he voluntarily returned to jail he may have rebutted the probative weight of the inference of his guilt. "[I]f escape is meant to demonstrate consciousness of guilt, return to prison must surely manifest both innocence and a belief that one will eventually be vindicated on the false charge." Movant's brief at page 8. We are therefore of the opinion that the admission of evidence of Hill's escape if prejudicial at all, does not constitute reversible error as Hill acknowledges that he was given the opportunity at trial to establish his voluntary return to jail and thus defeat any prejudice to him.

C.

THE ADMISSIBILITY OF PHOTOGRAPHS OF THE VICTIM'S BODY.
Hill next argues that the admission of photographs of the victim's decomposed body were "at best cumulative evidence in that they added nothing to the testimony elicited by the state." In our original opinion in this cause we fully addressed this issue. 432 So.2d at 438. Hill is collaterally estopped from raising this issue by way of this petition. Gilliard v. State, supra.

D.

THE SUFFICIENCY OF THE EVIDENCE.
In this portion of his motion, Hill argues that "Once the inadmissible evidence, the murder weapon and the U-Haul contract, are excluded the only evidence to corroborate petitioner's codefendant's inculpatory testimony is the carburetor found inside petitioner's home." Hill goes on to argue that the evidence is therefore insufficient to find him guilty beyond a reasonable doubt. This argument is intriguing for it presumes Hill prevailed in excluding the murder weapon and the U-Haul contract. The exclusion of those pieces of evidence is not raised nor argued in this motion. In our original opinion, we held that the admission of the murder weapon was not error. In our opinion on Hill's first motion for leave to file petition for writ of error coram nobis, we held that there was no new evidence which would support excluding the weapon or the U-Haul contract. Therefore, we conclude that the premise upon which Hill bases this argument has already been defeated.

E.

DID THE JURY INSTRUCTIONS PROHIBIT THE JURY FROM EXERCISING ITS INHERENT MERCY POWER?
Hill argues that because the jury was not instructed on the lesser included offenses of murder and manslaughter they *672 did not have the discretion to exercise their mercy power. This argument is certainly spurious. An instruction on a lesser included offense or a guilty verdict of such an offense does not necessarily have anything to do with mercy. We have repeatedly held that where the evidence does not support the granting of an instruction on a lesser included offense that instruction should not be given. Colburn v. State, 431 So.2d 1111 (Miss. 1983). The granting of an instruction on a lesser included offense permits the jury to accurately assess the facts and to reach a verdict in accordance with the law. The jury certainly had the opportunity to show Hill mercy during the sentencing phase of the trial. The willingness to be merciful has nothing to do with a finding of guilt or innocence on a lesser included offense. There is no merit to this argument.
Based on all of the foregoing, we hereby deny Hill's motion for leave to file petition for writ of error coram nobis.
DENIED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
HAWKINS, J., not participating.