Coram nobis and/or habeas corpus relief from his prior conviction of murder while engaged in robbery, and death penalty sentence, is the thrust of Leo E. Edwards' *Page 907 
amended application before us.[1] Edwards v. State,413 So.2d 1007 (Miss. 1982). Facts set forth in the Edwards opinion show that he fatally shot the store clerk during the robbery — he was the trigger man. After this Court's affirmance as per the cited case, Edwards sought and was denied a writ of certiorari by the United States Supreme Court on October 12, 1982. His execution is presently stayed by order of the Supreme Court of Mississippi. We here address his application for post-conviction relief which was responded to by the attorney general's office.
Petitioner Edwards makes the following admission in his present application before this Court:
 7. Some of the issues raised in the annexed petition have never been presented in this case to any court of the State of Mississippi; others have not been fully considered.
Any such points raised in the application which have been previously litigated and decided at trial or on appeal are res judicata and barred. Callahan, et al. v. State, 426 So.2d 801
(Miss. 1983). With this factor in mind, we proceed to examine each point raised in Edwards' application as constituting grounds for granting leave to file his petition in the lower court.
The petitioner's first ground assigned is:
 Exclusion for Cause of Jurors with Scruples Against the Death Penalty
Petitioner Edwards objected to the exclusion of Juror Hopkins at trial. On appeal, however, Juror Hopkins' exclusion was not assigned as error. In not assigning an error, Petitioner Edwards accepted the trial court's determination of the matter. The issue was adjudicated and is barred from consideration by way of post-conviction relief.
The petitioner's contention regarding Juror Hibler was argued on direct appeal and adjudicated in our original opinion,Edwards v. State, supra, which held that Juror Hibler was correctly excluded. This matter, having been previously litigated, is barred.
Petitioner's Edwards' second assigned ground for relief is:
 Systematic Exclusion of Blacks and Those with Scruples against the Death Penalty.
As to the systematic exclusion of blacks from the jury, this issue was raised at trial in Edwards' motion to quash the special venire. At that time he received a ruling from the trial court which included specific findings of fact. This was not assigned as error on appeal and is barred. *Page 908 
As to the exclusion of those with scruples against the death penalty, this issue was also raised by the petitioner in a pre-trial motion. The trial court denied it and the petitioner did not raise this point on direct appeal. Therefore, it was adjudicated and is barred.
Edwards' third assigned ground for relief is:
 The Prosecutor's Introduction of a Separate and Distinct Crime.
This point was raised at the trial court level, properly preserved, and assigned as error in direct appeal and decided by this Court. This is a previously litigated matter and now barred.
Petitioner Edwards' fourth assigned ground for relief is:
 The Prosecutor's Inflammatory and Prejudicial Remarks during Closing Argument.
The state contends that this ground is merely a variation of the petitioner's eighth assignment of error on direct appeal regarding the petitioner's "denial of effective assistance of counsel." Petitioner Edwards, on the other hand, vigorously maintains that this issue was not raised on appeal and is a separate grounds justifying post-conviction consideration. He contends that the assignment of error in the direct appeal had to do with assistance of counsel. The present issue is contended to be focusing on the inflammatory and prejudicial remarks of theprosecution. At this point it should be noted that if the issue were raised on appeal then it has been previously litigated and therefore is barred from consideration in the present proceedings. If it were not raised on appeal, then the petitioner has accepted the trial court's determination of the issue. Analysis for the petitioner's ground of relief shows that it was not raised on direct appeal. Objection was made at trial to the remarks of the district attorney, but the failure to specifically assign such as error in the direct appeal before this Court resulted in petitioner's acceptance of the trial court's determination of this issue; therefore it is now barred.
Petitioner Edwards' fifth assigned ground for relief is:
 Disproportionate and Arbitrary Imposition of the Death Penalty.
Petitioner Edwards' ground for relief as set forth in the present proceeding is less than precisely framed but is grounded uponEnmund v. Florida, ___ U.S. ___, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982). In his reply to the state's response to his application, petitioner asserts
 The Mississippi capital punishment statute impermissibly allows the prosecutor complete discretion to select from among accomplices charged with a single crime those who will be tried for capital murder and those who will be allowed to plea bargain, and leaves the jury with unguided discretion to impose the death penalty without any finding of an intent to kill.
He then admits having raised the point at trial and on motion for a new trial, and on direct appeal here wherein we affirmed. Then he states this Court "has not yet considered Petitioner's case in light of Enmund v. Florida, [___] U.S. [___], 102 S.Ct. 3368 [73 L.Ed.2d 1140] (1982)." Obviously Enmund is not applicable because of the facts of the present case wherein clearly Edwardsintended to kill and, as triggerman, did kill. Upon instructions granted, the jury unanimously found that he committed the murder "for the purpose of avoiding arrest". Edwards' co-indictee, White, testified that Edwards admitted he "shot the sucker" to prevent identification. Language of Judge Clark in Gray v. Lucas, 677 F.2d 1086, 1103 (5th Cir. 1982) is pertinent here:
 [T]he jury was justified in finding beyond a reasonable doubt that the child had been killed by Gray intentionally and maliciously for the purpose of silencing her outcries or preventing the report of her of acts of molestation.
667 F.2d at 1103.
Accordingly, the fifth assignment asserted is lacking of merit.
Petitioner Edwards' sixth ground assigned for relief is: *Page 909 
 The State's Interjection of Nonstatutory Aggravating Circumstances.
Edwards claims that this interjection of "nonstatutory aggravating circumstances" was raised and preserved at trial. At trial, Edwards' attorney lodged a broad objection that all of the evidence violated Edwards' constitutional rights under the "fifth, sixth, eighth and fourteenth amendment."
We have repeatedly held that the trial court will not be held in error for overruling an objection which is couched in such broad terms as to insufficiently put the trial court on notice as to precisely what error is being alleged. Assuming arguendo that the objection was sufficient to preserve the point for appeal, this ground was not assigned as error or argued on direct appeal and, since the petitioner has accepted the trial court's determination, the issue is barred.
Petitioner Edwards' seventh ground assigned for relief is:
 The Trial Court's Instructions on the "Pecuniary Gain" and "in the Commission of Robbery" Aggravating Circumstances and the Shifting of the Burden of Proof.
This ground is broadly stated in the petitioner's application and has no cited authority other than the alleged violation of the eighth and fourteenth amendments. At trial this issue was raised, again very broadly. In spite of such broad objections and assignment of grounds for relief, in no way was this point preserved after being raised at the trial court level and therefore it has been adjudicated and is barred.
Therefore, the application is denied.
APPLICATION DENIED.
PATTERSON, C.J., WALKER, P.J., ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
ROBERTSON and DAN M. LEE, JJ., specially concurring.
BOWLING and DAN M. LEE, JJ., specially concurring with the Majority Opinion's footnote No. 1.
[1] The conjunctive/disjunctive form in which the petitioner has styled his request for relief is indicative of a certain degree of disarray which presently exists in Mississippi's post-conviction relief procedures. Such disarray results from the conglomeration of sources which constitute Mississippi's law of post-conviction relief. Mississippi Code Annotated § 99-35-145
(1972) recognizes this Court's application of the common law writ of error coram nobis and sets forth the procedure for obtaining the writ in cases which have been appealed to this Court. Mississippi Supreme Court Rule 38 sets forth our own requirements which are applicable in cases where relief is sought by writ of error coram nobis. See also Baker v. State, 358 So.2d 401
(Miss. 1978). On August 16, 1979, we adopted the Mississippi Uniform Criminal Rules of Circuit Court Practice as submitted to us by the circuit judges of this state. Rule 8.07 of these Rules provides that "[t]he writ of habeas corpus shall extend to all cases of illegal confinement or detention by which any person is deprived of his liberty . . ." In other jurisdictions whose jurisprudential traditions have not so clearly drawn the distinction between the writs of habeas corpus and error coram nobis, this rule would clearly cover all forms of post-conviction relief. See Smith v. State, 155 So.2d 494 (Miss. 1963). See also Advisory Committee's comment to 8.07 (then 8.08).
As if this assortment is not sufficiently confusing, Mississippi Rule of Civil Procedure 81(e) abolishes a specified list of the "remedial writs" (including error coram nobis) and indicates that all such actions are now to be sought by motion.
Obviously, there is a need for a revision of the rules and statutes to streamline and clarify post-conviction relief law and procedures and to resolve any conflicting provisions. It is hoped that this matter will be given the studious and thoughtful attention of the entire bench and bar of this state, as well as of the members of this Court.