431 So.2d 486 (1983)
Kenneth W. WHEAT
v.
Morris THIGPEN, Commissioner, Miss. Department of Corrections, Eddie Lucas, Warden, Mississippi State Penitentiary, in Their Official Capacity and Their Successors in Office; and the State of Mississippi.
No. 52780.
Supreme Court of Mississippi.
May 11, 1983.
Robert E. Morin, Atlanta, Ga., John Maxey II, Jackson, for appellant.
Bill Allain, Atty. Gen. by Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, for appellees.
Before the Court EN BANC.
BOWLING, Justice, for the Court:
Appellant filed his Motion for Leave to File Petition for Writ of Error Coram Nobis. At the same time, he filed a Motion for a Stay of Execution pending consideration of said motion. One of his attorneys, Robert E. Morin, Esquire, of Atlanta, Georgia, filed a motion for Leave to Appeal Pro Hoc Vise under the provisions of Mississippi Supreme Court Rule 27.
The motion of Attorney Robert E. Morin is granted.
The Motion for Stay of Execution of appellant is denied because of the following opinion and order on his Motion for Leave to File Petition for Writ of Error Coram Nobis.
A number of claims are propounded in appellant's Motion for Leave to File a Petition for Writ of Error Coram Nobis, a copy of the proposed petition is attached to appellant's motion. We shall hereinafter consider each claim separately.

*487 CLAIM A.

THE TRIAL COURT FAILED TO MAKE AN ADEQUATE INQUIRY INTO PETITIONER'S COMPETENCE AT THE TIME OF TRIAL.
This claim was presented as an alleged trial error in the appellant's original appeal to this Court and a final disposition was made thereof. See Wheat v. State, 420 So.2d 229 (Miss. 1982). The opinion, based on the entire record before the Court, fully discussed the proceedings had in the lower court and the opinion fully explained the Court's decision on the question involved in Claim A. It should be noted that appellant did not file a Petition for Rehearing of the Court's opinion and final decision within fifteen days after said final order, as permitted by Mississippi Supreme Court Rule 14. We therefore hold that all matters propounded in Petitioner's Claim A were decided on direct appeal to this Court and are therefore barred from re-litigation as requested by appellant. This decision is completely in conformity with the record in the cause and this Court's final opinion. Edwards v. Thigpen, decided March 23, 1983, and not yet reported; Callahan v. State, 426 So.2d 801 (Miss. 1983); Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); Henry v. Wainwright, 686 F.2d 311 (5th Cir.1982); Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).
Appellant contends in his motion that he is presenting "new" evidence on appellant's prior mental condition that was unknown by his attorneys at the trial. The motion filed by appellant's court-appointed attorneys during the course of the trial for the death of Mrs. Mayer recited that, in addition to other reasons, the motion for mental examination was being filed "because of the past medical history of the defendant." [Supp.Rec.V.I, p. 47] Furthermore, the affidavit of Earl B. Stegall and John F. Hester, court-appointed trial attorneys for appellant, which affidavit is attached to the brief of appellees herein, states that the office of the district attorney had made the medical records of appellant available to them. Their use was refused by appellant.
A reading of the opinion Wheat v. State, supra, shows that this fact was taken into consideration in the final decision, from which a petition for rehearing was not requested. As set out in the opinion in Wheat v. State, supra, the trial court ordered a mental examination of appellant pursuant to the allegations of the motion containing the above quoted language. As stated in this Court's opinion, appellant refused to have the examination after receiving a life sentence from the jury.

CLAIM B.

COMPETENCE AT TRIAL AND SENTENCING.
It is noted that appellant's brief in support of his Motion does not follow the listed Claim points in the proposed Petition attached to his motion filed before this Court. In the proposed Petition requested to be filed in the lower court, all of the contentions under Claim B were discussed and finally decided in this Court's opinion in Wheat v. State, supra, are res judicata here, and are therefore procedurally barred from further consideration. Although we have fully studied appellant's brief in support of his motion, we necessarily are required to discuss each point set out in the proposed petition requested to be filed with the lower court.

CLAIM C.

MENTAL ILLNESS.
It is required that Claim C be denied for the reasons set out in Claims A and B.

CLAIM D.

USE OF PETITIONER'S INCRIMINATING STATEMENTS.
Petitioner contends that the court erred in admitting voluntarily written documents composed by appellant while in confinement and forwarded to law enforcement officials. At a pre-trial hearing before either case was tried, a motion was heard requesting *488 that these statements be suppressed. We are here repeating what is said in the final opinion and decision of this Court in Wheat v. State, supra. A reading of the opinion in Wheat v. State, supra, clearly reveals that appellant's contention under Claim D was fully discussed and decided therein. We are therefore barred from considering a repetition of that claim here.

CLAIM E.

IMPROPER INSTRUCTIONS  GUILT  INNOCENCE.
A reading of the Court's opinion, from which a petition for rehearing was not requested, reveals a full discussion of the points under this claim and a finding that there is no merit to the claim. We therefore hold that this Claim E cannot be reconsidered by the Court under this petition.

CLAIM F.

IMPROPER CLOSING ARGUMENT  GUILT  INNOCENCE.
An examination of the record does not show the preservation of error under this claim during the trial or post-trial level. Any alleged error was not preserved so as to present it before this Court in the present petition.
Furthermore, neither Claim F nor any part thereof was assigned as error in the appeal to this Court. We therefore hold that we are procedurally barred under the hereinbefore cited authorities from considering Claim F of the proposed petition.

CLAIM G.

IMPROPER INSTRUCTIONS  SENTENCING.
The record reveals no preservation of any alleged error during the trial or post-trial level in regard to instructing the jury as to the aggravating circumstances of "especially heinous, atrocious or cruel." The lower court was not requested and was not given an opportunity to correct any alleged error in this regard. No alleged error, as set out under Claim G, was presented to this Court for decision, and for these reasons we are procedurally barred from considering this contention under the proposed petition requested to be filed.

CLAIM H.

IMPROPER CLOSING ARGUMENT  SENTENCING.
The same legal situation is involved in Claim H as was involved and discussed under Claim F. We are procedurally barred from considering the request under Claim H for the reasons previously stated.

CLAIM I.

VIOLATION OF THE BAR OF DOUBLE JEOPARDY.
The proposed contentions to be presented in the proposed petition to the lower court under this Claim were fully discussed in the opinion of Wheat v. State, supra, from which no petition for rehearing was filed.
It is pointed out that the proof in the two cases was different in that the evidence in the case sub judice is uncontradicted that the vehicle and its contents were owned by Mr. Mayer, not Mrs. Mayer. As pointed out in the final opinion, this Court cannot speculate on a jury's deliberation, but that a sufficient explanation of the different penalty verdicts easily could have been the requirement of the state proving the underlying felony. Regardless of this, we are here barred from considering the request in Claim I, as these requests were fully discussed and determined in the opinion in Wheat v. State, supra.

CLAIM J.

INEFFECTIVE ASSISTANCE OF COUNSEL.
The opinion in Wheat v. State, supra, held as a finding of fact that "the record reveals that appellant's trial attorneys were competent and defended appellant in a vigorous and efficient manner. He received a fair trial." There is no petition for rehearing from this finding and *489 this is sufficient to require a holding that we are now procedurally barred from re-examining that decision. In so holding, the Court necessarily considered the entire record in the cause. The pronouncement in the opinion pertained to the trial attorneys. As shown by the record during the appellate procedures, appellant discharged his court-appointed attorneys and employed an attorney of his own choice. As shown by the record, appellant had over $17,000 on deposit at that time, [Supp.Rec.V. III, p. 183].
We are barred from re-litigating our decision regarding the competency and efficiency of appellant's attorneys.

CLAIM K.

APPELLATE REVIEW.
The request in this Claim to be presented to the lower court in appellant's proposed petition is raised for the first time in the present petition now being considered. These contentions were not raised in the court below, were not raised before this Court on appeal, and were not raised in a permitted petition for rehearing after the opinion of the Court was published wherein a discussion of prior cases was made.
Furthermore, this claim is directed solely to the appellate court and has no place, and cannot be included, in a coram nobis hearing before the trial court.

CLAIM L.

RELIEF REQUESTED
For the reasons hereinbefore set out, each and every claim propounded by appellant in his proposed petition for writ of error coram nobis to be filed in the trial court is denied.
The Motion of Robert E. Morin, Esquire, to appear in the courts of this state in this case is granted.
The motion for leave to file a Petition for Writ of Error Coram Nobis is denied.
The Motion for Stay of Execution of appellant is denied.