ON APPLICATION FOR LEAVE TO FILE PETITION FOR WRIT OF ERROR CORAM NOBIS
Connie Ray Evans was convicted in the Circuit Court of the First Judicial District of Hinds County, Mississippi, and sentenced to suffer death, according to the law of the State of Mississippi. That judgment and sentence were affirmed by a unanimous decision of the Mississippi Supreme Court on November 3, 1982, and petition for rehearing was denied December 15, 1982.Evans v. State, 422 So.2d 737 (Miss. 1982). The facts recited in the opinion reflect that during the evening hours of April 8, 1981, Evans and his accomplice met and made plans to rob R.J. Food Store located on Lynch Street in Jackson, Mississippi. Evans stated to his accomplice that they might have to kill the storekeeper during the robbery. The next day, Evans and the accomplice robbed the store and clerk of approximately $400.00, and, in the process, Evans shot and killed the clerk.
A petition for a writ of certiorari to the Supreme Court of Mississippi was filed in the United States Supreme Court and that court denied the petition on May 16, 1983. Petition for rehearing was filed and also was denied. Application for Leave to File Petition for Writ of Error Coram Nobis was filed on July 1, 1983, setting out eighteen (18) grounds for relief, each of which we address hereinafter.
 I. Unlawful Application of Statutory Aggravating Factors A. The State's Use in Petitioner's Case of the Statutory Provisions that the Murder was "Especially Heinous, Atrocious and Cruel."
This ground was presented to the Court on direct appeal from Evans' conviction *Page 522 
and sentence and was resolved by the Court in the following response:
 In the case sub judice, the victim was forced to kneel on the floor behind the counter with a .38-caliber revolver pointing at his head, he was made to stand up at gunpoint and open the cash register, and again was forced to kneel on the floor with the revolver still pointing at his head. He was physically assaulted by one of the robbers emptying his pockets, all occurring over a short period of time. From those facts, the jury could consider mental torture and aggravation which the victim probably underwent, and to determine whether or not the murder under all the facts and circumstances was especially heinous, atrocious or cruel. Even though it may be said that the facts of the homicide do not pass constitutional muster on the aggravating circumstances of being especially heinous, atrocious or cruel, three (3) other aggravating circumstances were proved by overwhelming evidence. [Evans v. State, 422 So.2d 743].
Thus, the matter having been fully and finally litigated on direct appeal, it is res adjudicata, may not be relitigated in a coram nobis proceeding, and is procedurally barred.
We note that Evans argues on this point in his petition that "Moreover, as expressly acknowledged by this Court in its review of petitioners's case on direct appeal, there was wholly insufficient evidence to support the jury's reliance upon this aggravating circumstance in imposing a death sentence on petitioner." The argument is misplaced. The response clearly sets out that the aggravating circumstance of being especially heinous, atrocious or cruel was properly submitted for the consideration of the jury and for its determination. The phrase "Even though it may be said that the facts of the homicide do not pass constitutional muster on the aggravating circumstance of being especially heinous, atrocious or cruel, . . ." is a different way of saying "Assuming arguendo, . . ." or "Even though it may be argued, . . ." or "For the sake of argument, . . ."
 B. The State's Use in Petitioner's Case of the Statutory Provision that Petitioner's Offense was Committed for the Purpose of "avoiding . . . lawful arrest" as an Aggravating Circumstance
This contention was not alleged as error and presented on direct appeal. The issue may not now be raised for the first time on this application for leave to file the petition for writ of error coram nobis, and it is procedurally barred. Smith v.State, 434 So.2d 212 (Miss. 1983); Edwards v. Thigpen,433 So.2d 906 (Miss. 1983); Wheat v. Thigpen, 431 So.2d 486 (Miss. 1983).
 C. The Use of the Statutory Provision that Petitioner was "under sentence of imprisonment" at the Time of the Offense as an Aggravating Circumstance
This contention was presented and argued to the Court on direct appeal (Evans, supra, at 741), it may not be relitigated again on this petition and is procedurally barred.
 II. Interjection of Evidence Based on Non-statutory Aggravating Circumstances A. Color Slide Evidence B. Testimony of Victim's Brother C. Police and Pathologist Testimony
The contentions A, B, and C were presented to this Court on direct appeal and were decided adversely to petitioner. Therefore, they may not be relitigated on this petition and are procedurally barred.
 D. Evidence of Bullet and Victim's Belongings
Petitioner did not allege as error or present same to this Court on direct appeal, the issue may not now be raised for the first time on the petition and is procedurally barred. (Smith,supra; Edwards, supra; and Wheat, supra). *Page 523 
 E. Failure to Give a Jury Instruction Limiting Consideration of Aggravating Circumstances
This contention was alleged as error and briefed on direct appeal and was rejected by the Court. It may not now be relitigated on this petition and is procedurally barred. (Evans,supra, at 745).
 III. Other Constitutional Errors in the Sentencing Trial 1. Removal of Juror with Scruples Against Capital Punishment
 2. The Prosecuting Attorney's Pervasive Pattern of Misconduct
Evans contends that the lower court erred (1) in removing a juror with scruples against capital punishment, and (2) the prosecuting attorney's argument constituted error. Both of these contentions were presented to this Court on direct appeal and were found to be without merit. (Evans, supra, at 740, 746). They are res adjudicata, may not be relitigated on this petition and are procedurally barred.
 3. The Absence of a Finding of Intent to Take Life
 4. The Absence of Notice of Aggravating Circumstances
 5. Refusal to Allow Petitioner's Witness to Testify on His Behalf Violated Petitioner's Rights under the Eighth and Fourteenth Amendments
 6. The Absence of a Presentence Report
 7. Inadequacy of the Trial Judge's Report
 8. Inadequacy of Appellate Review Procedures
Evans relies upon Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), and contends (3) that he did not kill, attempt to kill, or intend that a killing take place during the robbery, and that the death penalty should not have been imposed. In Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), the court held:
 Where the basis of a constitutional claim is available, and other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel against labeling alleged unawareness of the objection as cause for a procedural default. [456 U.S. at 134, 102 S.Ct. at 1575, 71 L.Ed.2d at 804].[1]
He contends that (4) the indictment alleged no aggravating circumstances and that the omission violated his rights under the Fourteenth and Sixth Amendments of the United States Constitution, (5) the lower court's refusal to permit his witness to testify in mitigation of the sentence violated his Eighth and Fourteenth Amendment rights, (6) the absence of a pre-sentence report constituted error, (7) the inadequacy of the trial judge's report was error, and (8) Mississippi's proportionality review structure is inadequate and prejudicial to him.
None of these contentions listed here were raised or presented on the direct appeal, and they are procedurally barred. Smith,supra; Edwards, supra; Wheat, supra.
 9. Arbitrariness of the Death Penalty in Mississippi
 10. Discriminatory Aspects of the Death Penalty in Mississippi
Evans contends that (9) his sentence is disproportionate and arbitrary and (10) the death penalty in Mississippi is imposed in a discriminatory manner. Those contentions were not presented on the direct appeal, they are unpreserved and are procedurally barred. Smith, supra; Edwards, supra; Wheat, supra.
We are of the opinion that the Application for Leave to File Petition for Writ of Error Coram Nobis in the Circuit Court of the First Judicial District of Hinds County, Mississippi, should be denied.
APPLICATION DENIED. *Page 524 
PATTERSON, C.J., WALKER and BROOM, P.JJ., and BOWLING, and DAN M. LEE, JJ., concur.
ROBERTSON, HAWKINS and PRATHER, JJ., dissent.
[1] Enmund was rendered July 2, 1982. Evans was sentenced to death October 15, 1981.