449 So.2d 1207 (1984)
Edward Earl JOHNSON
v.
Morris THIGPEN, Commissioner, Mississippi Department of Corrections; Eddie Lucas, Warden, Mississippi State Penitentiary; T.B. Bruce, State Executioner; and State of Mississippi.
No. 53017.
Supreme Court of Mississippi.
May 2, 1984.
*1208 Barry Powell, Gilbert & Powell, Jackson, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by William S. Boyd, III, Sp. Asst. Atty. Gen., Jackson, for appellees.
En Banc.

ON APPLICATION FOR LEAVE TO FILE PETITION FOR WRIT OF ERROR CORAM NOBIS
DAN M. LEE, Justice, for the Court:
This case is being heard on the petitioner's application for leave to file a writ of error coram nobis. Petitioner Johnson was found guilty of the June 2, 1979 capital murder of Town Marshal J.T. Trest. Following his conviction he was sentenced to death by a jury which found that his crime was aggravated by the following circumstances: (1) That the offense was committed while the defendant was in flight, after committing the crime of burglary or attempting to commit the crime of rape; and (2) the offense was especially heinous, atrocious or cruel. Johnson subsequently appealed to this Court which affirmed both his conviction and sentence in an opinion recorded at 416 So.2d 383 (Miss. 1982). Johnson's petition for rehearing was subsequently denied on June 30, 1982.
In his instant petition Johnson assigns five points which he asserts require that we order that he be granted a new trial. We disagree. Each of Johnson's contentions is addressed below.

THE MISSISSIPPI DEATH PENALTY SCHEME IS UNCONSTITUTIONAL ON ITS FACE BECAUSE FELONY MURDER IS PUNISHABLE BY DEATH AND PREMEDITATED MURDER IS NOT.
Johnson has no standing whatsoever to make this assertion as he was not found guilty of felony murder. Johnson was indicted under § 97-3-19(2)(a) Mississippi Code Ann. (Supp. 1981). That provision of this state's laws makes it a capital crime to murder a peace officer who is acting in his official capacity. The felony murder provision is § 97-3-19(2)(e). Therefore, Johnson has no standing to argue the unconstitutionality of the felony murder provision as he was never charged with that crime.

LACK OF PRIOR NOTICE OF AGGRAVATING CIRCUMSTANCES.
This point was not raised on direct appeal but was objected to at trial when the state sought instructions on aggravating circumstances. The failure to raise this issue on direct appeal bars Johnson from raising it now. In Re: Evans, 441 So.2d 520 (Miss. 1983); Smith v. State, 434 So.2d 212 (Miss. 1983).

THE FAILURE TO ORDER A PRESENTENCE REPORT.
Section 47-7-9(3)(a) reads as follows:
(3)(a) Separate division personnel (hereinafter presentence investigators) *1209 shall be provided to perform investigation for the court as provided in this subsection. Presentence investigators shall conduct presentence investigations on all persons convicted of a felony in any circuit court of the state, prior to sentencing and at the request of the circuit court judge of the court of conviction. The presentence evaluation report shall consist of a complete record of the offender's criminal history, educational level, employment history, psychological condition and such other information as the department or judge may deem necessary.
The language of the above quoted statute makes it clear that a presentence report is required only where the circuit judge requests it. In Coleman v. State, 378 So.2d 640 (Miss. 1979), we held that under this statute the presentence investigation is discretionary with the circuit court judge and not mandatory. Also, in a capital case the jury imposes the sentence and both the state and the defendant are entitled to present evidence. Therefore, there is no reason to order such a report. Finally, we note that this claim is procedurally barred because it was not raised on direct appeal. In Re: Evans, supra; Smith v. State, supra.

THE FAILURE TO EXPLAIN THE TERMS ESPECIALLY HEINOUS, ATROCIOUS OR 
CRUEL.
Johnson did not request an instruction defining these terms. This failure and the subsequent failure to raise this point on direct appeal renders this point procedurally barred. In Re: Evans, supra; Smith v. State, supra. Regardless, we have addressed this assertion numerous times already and found it without merit. Washington v. State, 361 So.2d 61 (Miss. 1978); Coleman v. State, 378 So.2d 640 (Miss. 1979).

IS THE DEATH PENALTY ARBITRARILY AND INDISCRIMINATORILY APPLIED 
IN MISSISSIPPI?
This point was not raised at trial or on direct appeal and is therefore procedurally barred. In Re: Evans, supra; Smith, supra.
Having addressed all of Johnson's claims and finding them procedurally barred or meritless, we hereby deny his application for leave to file for writ of error coram nobis.
DENIED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, PRATHER and SULLIVAN, JJ., concur.
ROBERTSON, J., not participating.