COLEMAN, JUSTICE,
CONCURRING:
¶ 8. I concur with the majority’s reasoning and conclusion that no merit can be found in Williams’s claim. I write separately because the Court never has properly addressed the effect of the codification of various bars to post-conviction relief, such as the two at issue today, on the fundamental-rights exception .to the procedural bars. Because the Legislature can only enact substantive law and may not enact procedural law in the form of bars to relief or any other, I would overrule Rowland v. State, 42 So.3d 503 (Miss. 2010), Rowland v. State, 98 So.3d 1032 (Miss. 2012), and any other case in which the Mississippi Supreme Court has held that the courts of Mississippi can apply the judicially crafted fundamental-rights exception to constitutional, substantive enactments of the Legislature.
*269 ¶ 9. Despite the passage of the Mississippi Uniform Post-Conviction Collateral Relief Act, the Mississippi Supreme Court has continued to apply pre-existing law regarding the inapplicability of certain procedural bars to the substantive law as delineated by the Legislature, Our failure to address head-on the effect of codifying the various bars to post-conviction relief has forced our courts—trial and appellate—to perform feats of jurisprudential contortion, e.g., repeatedly referring to enactments of the Legislature as “procedural” bars. Another example of the self-imposed paradox can be found in the Court of Appeals’ opinion, in which the Court of Appeals first had to determine that Williams’s petition had no merit before it then wrote that his claim was procedurally barred. Williams v. State, 218 So.3d 1190, 2016 WL 1117669 (Miss. Ct. App. March 22, 2016).
¶ 10. The trial court relied on two statutory bars in issuing its denial of Williams’s petition: Mississippi Code Section 99-39-23(6), which bars “second or successive” petitions after a first petition is dismissed or denied, and Mississippi Code Section 99-39-21(1), which bars “objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal” except upon a showing of cause and actual prejudice. The State raises the issue and argues on appeal that both sections bar Williams’s petition. Both sections became effective in 1984 with the passage of the Mississippi Uniform Post-Conviction Collateral Relief Act. Williams contends that the fundamental-rights exception to the procedural bars applies to his claim to prevent the application of the statutory bars,
¶ 11. Nine years prior to the passage of the Uniform Post-Conviction Collateral Relief Act, the Mississippi Supreme Court decided Newell v. State, 308 So.2d 71 (Miss. 1976), in which the Court held that rules of procedure are the sole province of the courts. According to the Newell holding, the Legislature has no authority to enact rules of procedure. Id. at 78. Here one finds the unspoken and, unworkable paradox that plagues our current post-conviction jurisprudence. If the two bars codified in Section 99-39-23(6) and Section 99-39-21(1) truly are procedural, then pursuant to Newell, the Legislature has no authority to enact them in a statute and the bars as expressed in the statutes are unconstitutional on their face. If, on the other hand, the two bars in play in the instant case are constitutional, positive expressions of substantive law, then the courts of our state have no business not following, and enforcing them. Little v. Miss. Dep’t of Transp., 129 So.3d 132, 138 (¶ 12) (Miss. 2013) (‘We—the judicial branch of government—should not place ourselves in the position of changing the substantive law enacted by the Legislature. ...”) (citing Stockstill v. State, 854 So.2d 1017, 1022-23 (¶ 18) (Miss. 2003)). Courts have a “constitutional mandate to faithfully apply the provisions of constitutionally enacted legislation.” Tallahatchie Gen. Hosp. v. Howe, 49 So.3d 86, 92 (¶ 17) (Miss. 2010), Although the Uniform Post-Conviction Collateral Relief Act is civil in nature, it is instructive .that in Harris v. State, 179 Miss. 38, 176 So. 342 (1937), the Court wrote, “[W]e are admonished and have clearly in mind that penal statutes must be strictly construed, and that the court can neither add to nor take from them, and we cannot by judicial construction, or considerations of expediency, supply what is palpably omitted from a statute.” Id. at 344. I herein take no position as to whether the statutory bars raised by the State and relied upon by the trial judge in the case sub judice are substantive or procedural. I do, however, reexam *270 ine the effect on the fundamental-rights exception on the procedural bars codified by the Legislature.
¶ 12. Rowland v. State, 42 So.3d 503 (Miss. 2010), is often considered to be the seminal case in which the Court began applying the fundamental-rights exception to the bars enacted by the Legislature. The Rowland I holding was clarified and narrowed in Rowland v. State, 98 So.3d 1032 (Miss. 2012), or Rowland II. There, the Court wrote, “In addition to the statutory exceptions afforded by the Act, we have provided that an exception to the procedural bars exists for errors affecting certain constitutional rights.” Id. at 1036 (¶ 6). It is the exercise of judicial power to apply judicially created bars to legislatively enacted statutes with which I take issue today. In Smith v. State, 477 So.2d 191 (Miss. 1985), a case cited by the Rowland II Court, one gets a good view into the state of post-conviction relief law at the time the Uniform Post-Conviction Collateral Relief Act went into effect.
This Court has repeatedly and consistently held that “post-conviction relief in Mississippi is not granted upon facts and issues which could or should have been litigated at trial and on appeal.” Smith v. State, 434 So.2d 212, 215 (Miss. 1983), and the numerous authorities cited therein. Post-conviction proceedings are for the purpose of bringing to the trial court’s attention facts not known at the time of judgment. Questions not alleged and raised at trial and/or on direct appeal are procedurally barred and may not be litigated collaterally in a post-conviction environment. Gilliard v. State, 446 So.2d 590 (Miss.1984); Pruett v. Thigpen, 444 So.2d 819 (Miss. 1984); King v. Thigpen, 441 So.2d 1365 (Miss. 1983); Evans v. State, 441 So.2d 520 (Miss.1983); Smith v. State, 434 So.2d 212 (Miss.1983); Edwards v. Thigpen, 433 So.2d 906 (Miss. 1983); Wheat v. Thigpen, 431 So.2d 486 (Miss. 1983); Callahan v. State, 419 So.2d 165 (Miss. 1982).
As the state suggests, it is noted that this issue was not raised on direct appeal, nor does the motion here show such facts as are necessary to demonstrate that this claim is not procedurally barred.
However, this Court has previously held that errors affecting fundamental rights are exceptions to the rule 'that questions not raised in the trial court cannot be raised for the first time on appeal. Read v. State, 430 So.2d 832 (Miss. 1983); Brooks v. State, 209 Miss. 150, 46 So.2d 94 (1950). It is noted that in the case sub judice that the defense counsel failed to raise the sentence issue on appeal, but that this defendant is raising the issue in his pro se post-conviction motion to correct sentence. This Court recognizes that citizens may not be deprived of constitutional rights without due process of law and that due process requires reasonable advance notice ánd a meaningful opportunity to be heard. Read, supra. An analysis of the indictment in this case, together with the foregoing transcript of the sentencing hearing, clearly show a denial of due process in sentencing. The comparison of a seven year sentence, as opposed to a life sentence, without probation or parole is too significant a deprivation of liberty to be subjected to a procedural bar.
Therefore, this Court is compelled to address this plain error in the sentencing order.
Smith v. State, 477 So.2d 191, 195-196 (Miss. 1985).
¶ 13. For the purpose of considering the application of the fundamental-rights exception to the procedural bars to the statute of limitations, it is critical to notice *271 what the Smith Court did in the above-quoted, admittedly lengthy, section above. In the first paragraph, the Court clearly, unequivocally established that issues “not alleged” at trial are procedurally barred from consideration on direct appeal. In the second, the Court took the direct-appeal procedural bar and applied it to Smith’s post-conviction claims. What happened next, in paragraph three, matters. The Smith Court took from the procedural and judicially created rule that procedural bars do not apply in the face of fundamental rights raised in the plain-error context and imported the rule to the post-conviction-relief context. In other words, the Smith fundamental-rights exception to the procedural bars as applicable to post-conviction relief was taken, at least in part, from the procedural bars created by the Court; the bars in question are procedural and judicially created.
¶ 14. The members of the Legislature take an oath of office, in which they swear to “faithfully support the Constitution of the United States and of the State of Mississippi.” Miss. Const. art. 4, § 40. In other words, the judiciary is not the only branch of government that need concern itself with ensuring constitutional rights are protected. Nevertheless, we effectively have found Section 99-39-23(6) and Section 99-39-21(1) unconstitutional without ever giving the State a chance to argue otherwise or requiring that their unconstitutionality be proven beyond a reasonable doubt. Fulgham v. State, 47 So.3d 698, 701 (¶ 8) (Miss. 2010) (citing Edwards v. State, 800 So.2d 454, 460 (Miss. 2001)).
¶ 15. Because even the Supreme Court of Mississippi cannot lawfully amend or ignore the substantive law enacted by the Legislature, I would overrule Rowland I, Rowland II, and any other case in which, and to the extent that, we have held that the fundamental-rights exception to the procedural bars can apply to the substantive bars codified by the Legislature in the Uniform Post-Conviction Collateral Relief Act. I acknowledge that other arguments attack the constitutionality of the statutory bars, either as applied to particular cases or on their face, and I have no intent to address their validity one way or the other.
DICKINSON AND RANDOLPH, P.JJ., AND BEAM, J., JOIN THIS OPINION. MAXWELL, J., JOINS THIS OPINION IN PART. .